## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MUNTASIR RASHID | ) | Case No. 3:22-CV-00540 |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIMETHEA PULLEN | ) | MARCH 2, 2023 |
| *Respondent*. | ) | |

<u>MEMORANDUM OF DECISION</u>
## RE: PETITION FOR § 2241 WRIT OF HABEAS CORPUS (ECF NO. 1)

Kari A. Dooley, United States District Judge:

On April 14, 2022, the Petitioner, Muntasir Rashid, filed a petition ("Petition") for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the conditions of confinement[1] at the Federal Correctional Institute at Danbury ("FCI Danbury") during the COVID-19 pandemic. *See* Pet., ECF No. 1. On May 12, 2022, the Respondent, the Warden of FCI Danbury, filed a motion to dismiss the Petition. *See* Res. Mot., ECF No. 8. On June 1, 2022, Petitioner filed a reply to the motion to dismiss.[2] *See* Pet. Res., ECF No. 9. Upon review of the parties' submissions, and for the following reasons, the Respondent's motion to dismiss is GRANTED.

**Background & Procedural History**

On February 8, 2016, Petitioner pled guilty to two counts of trafficking a minor in violation of 18 U.S.C. Section 1591(a)(1). On June 9, 2016, Petitioner appeared for sentencing in the United States District Court for the Eastern District of Virginia, at which the Court imposed a sentence of

---

[1] Petitioner also seeks a preliminary injunction granting him home confinement prior to the Court's ruling on his Petition. *See* Pet. at 1, 22.

[2] On July 5, 2022, Petitioner also filed a memorandum of law purportedly in support of his Petition, *see* Pet. Mem., ECF No. 10, which addresses the merits of a Fifth Amendment equal protection claim arising from a loss of good time credit. *See id.* Such a claim however is wholly unrelated to the instant Petition. If Petitioner wishes to challenge a loss of good time credit for the reasons argued, he may file a new petition for writ of habeas corpus.

150 months' imprisonment followed by a period of five years of supervised release. *See* Res. Mot, ECF No. 8-2, at 19.

Petitioner alleges that the conditions at FCI Danbury are unsafe due to the risks posed by COVID-19, and that prison officials' failure to release him to home confinement is a violation of his Eighth Amendment rights. Petitioner therefore seeks release to home confinement.

**Allegations**

At the time of filing, Petitioner was a forty-one-year-old inmate. *See* Pet. at 1. Petitioner suffers from severe asthma, laten tuberculosis, hypertension, and receives medication that suppresses his immune system. Petitioner also has a history of smoking. *See id.* at 8. These health factors, along with genetic predisposition, place Petitioner at a high risk of suffering severe illness upon contracting COVID-19. *See id.* at 5–6, 8–9.[3] Petitioner also has mental health disorders that affect his ability to cope with the stress and anxiety associated with incarceration during the COVID-19 pandemic. *See id.* at 9.

At FCI Danbury, Petitioner resides in a dorm with approximately 80 other inmates. *See id.* at 3. Inmates sleep in bunks approximately two to three feet apart and share common living areas. *Id.* at 3–4. Petitioner notes that, as a general matter, prisons "are petri dishes for contagious respiratory illnesses" and that "people in prisons cannot practice social distancing, control their exposure to large groups, practice increased hygiene, wear protective clothing, obtain specific products for cleaning and laundry, avoid frequently touched surfaces or sanitize their own environment." *Id.* at 4. Petitioner believes that this is particularly the case at FCI Danbury due to an overpopulation of inmates. *See id.* at 15. Just a few months prior to the filing of his Petition, Petitioner asserts that over 300 inmates tested positive for COVID-19. *See id.* at 21–22. Were he

---

[3] Though unmentioned in the Petition, Petitioner has received COVID-19 vaccinations that mitigate his risk of serious illness. *See* Res. Mot. at 2–6.

to become ill, Petitioner expresses skepticism that the sole doctor employed at FCI Danbury would have the time-resources to provide him with adequate care. *See id.* at 16.

Petitioner concedes that he, like any person, would "still be at risk from COVID outside of prison," but contends that "his ability to guard against it is greater [in home confinement], where he can truly quarantine…sanitize…shower alone, and freely practice the other hygiene and cleaning recommendations of experts." *Id.* at 10. Thus, Petitioner concludes that "transfer to home confinement (or compassionate release) [is] the only viable measure" that can be taken to protect his safety. *Id.* at 11.

**Legal Standard**

A motion to dismiss a habeas petition is reviewed by the Court using the same principles as a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)(6). *See Spiegelmann v. Erfe*, No. 3:17-cv-2069 (VLB), 2018 WL 1582549, at *1 (D. Conn. Mar. 29, 2018). To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678. Nevertheless, when reviewing a motion to dismiss, the court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor."

*Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

**Discussion**

The writ of habeas corpus pursuant to Section 2241 extends to petitioners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition filed pursuant to Section 2241 may properly be used to challenge the execution of a prison sentence, such as conditions of confinement or sentence calculations. *See Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003); *see also Ilina v. Zickefoose*, 591 F. Supp. 2d 145, 150 (D. Conn. 2008).

In seeking dismissal of this Petition, Respondent asserts that this Court does not have authority to order a sentence reduction, dictate the BOP's decision regarding home confinement for the Petitioner, and further, that the PLRA prohibits the Court from ordering Petitioner's release from custody. The Court agrees.

*Sentence Reduction*

A district court "may not modify a term of imprisonment once it has been imposed," except in limited circumstances set forth under 18 U.S.C. § 3582(c). And a request for a sentence reduction or compassionate release under 18 U.S.C. § 3582 must be made to an inmate's sentencing court. *See United States v. Avery*, 807 F. App'x 74, 77 (2d Cir. 2020); *United States v. De Jesus Sierra*, 10 CR 416 (VM), 2021 WL 354954, at *3 (S.D.N.Y. Feb. 2, 2021) (explaining that "Congress amended 18 U.S.C. § 3582(c)(1)(A)(i) to provide the sentencing judge jurisdiction to consider a defense motion for Reduction in Sentence (RIS or 'Compassionate Release')"). Here, Petitioner's sentencing court is the Eastern District of Virginia. And that court has already denied a request for compassionate release. *See* Res. Mot. at 17–23. To the extent Petitioner requests a

sentence reduction or compassionate release to home confinement pursuant to 18 U.S.C. §3582(c), this Court has no authority to grant this request.

*Placement in Home Confinement*

Furthermore, the "BOP has the exclusive authority to determine the facility where an inmate will serve his sentence and to transfer the inmate from one facility to another." *Milchin v. Warden*, No. 3:22-CV-195 (KAD), 2022 WL 1658836, at *2 (D. Conn. May 25, 2022). Any decision of the BOP relating to the place of confinement, to include home confinement, "is not reviewable by any court." 18 U.S.C. § 3621(b); *see U.S. v. Kanagbou*, 726 F. App'x 21, 25 n.1 (2d Cir. 2018) (noting that the "district court does not control how the Executive Branch carries out a defendant's sentence"). Although Congress expanded the authority of the BOP to transfer inmates to home confinement if certain criteria are met under the CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), the decision to grant a transfer to home confinement under the Act is nonetheless reserved to the discretion of the BOP. *See Milchin*, 2022 WL 1658823, at *2. "[C]ourts considering requests to be transferred to home confinement have consistently denied such requests, as they lack authority to order such transfers. *Id*. (citing *U.S. v. Woody*, 463 F. Supp. 3d 406, 408–09 (S.D.N.Y. 2020)). Accordingly, the Court lacks authority to issue an order releasing Petitioner to home confinement.

*PLRA*

Respondent further argues that the PLRA applies to Petitioner's conditions of confinement claims and that it bars the Court from ordering Petitioner's release. The PLRA restricts the types of relief that federal courts may award in "any civil action with respect to prison conditions." 18 U.S.C. 3626(a). Previously, this Court held that the PLRA applies to habeas petitions brought pursuant to Section 2241 which challenge conditions of confinement rather than "the fact of or

duration of confinement." *See Dimartino v. Sage*, 2022 WL 124308, at *4 (D. Conn. Jan. 13, 2022). In *Dimartino,* as here, the Petitioners asserted a medical deliberate indifference claim and the Court concluded, *inter alia,* that such claims related to the conditions of confinement "because the concerns raised can be remedied through appropriate injunctive relief." *Id.* The Court sees no basis upon which to reach a different conclusion here. Accordingly, the PLRA's requirements and limitations will apply to the instant Petition because it challenges "prison conditions," rather than "the fact or duration of confinement in prison." *Id.*

Under the PLRA, any relief afforded must be "narrowly drawn, extend[] no further than necessary to correct the violation of the Federal right, and [be] the least intrusive means necessary." *Id.* (quoting 18 U.S.C. Section 3626(a)(1)(A)). In addition, the PLRA restricts the ability of the Court to enter a "prisoner release order," which can only be entered by a three-judge panel and only after satisfaction of several other prerequisites. *See id.*; 18 U.S.C. § 3626(a)(3). Further, any such order may only enter if both "crowding is the primary cause of the violation of a Federal right" and "no other relief will remedy the violation of the Federal right." 18 U.S.C. 3626(a)(3)(B-E). Insofar as Petitioner seeks only release from prison, and because the Court's analysis in *Dimartino* applies with equal force to Petitioner's pending Section 2241 Petition, the PLRA bars this Court from affording the requested relief. If Petitioner were to prevail on his Eighth Amendment conditions of confinement claims, he would only be entitled to an order directing the Respondent to implement constitutional conditions of confinement. *See Reynolds v. Petrucci*, 20-CV-3523 (LLS), 2020 WL 4431997, at *2 (S.D.N.Y. July 29, 2020) (holding that the appropriate remedy for unconstitutional conditions of confinement challenged in a 2241 petition is relief from the unconstitutional conditions, not release from custody). The requested relief to be released from prison or to be released to home confinement is therefore neither narrowly drawn nor the least

intrusive means to remedy the asserted violation. Similarly, the Court is barred under the PLRA from entering a prison release order without a three-judge panel, and Petitioner's claim fails to satisfy the PLRA's requirements for requesting the convening of such a panel, consistent with Section 3626(a)(3).

**Conclusion**

For the foregoing reasons, Petitioner's habeas petition is DISMISSED with prejudice. The Clerk is instructed to close this case. Any appeal from this Order would not be taken in good faith, and thus, a certificate of appealability will not issue.

**SO ORDERED** at Bridgeport, Connecticut, this 2nd day of March 2023.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE